IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

| | |
|---|---|
| KARL SWANSON and <br> KATHY WIETHARN, | * |
| Plaintiffs, | * |
| -vs- | *   Case No.  09 CV 0097 |
| CITY OF CHETEK, a municipal corporation; and <br> JERRY WHITWORTH, in his individual and <br> official capacities, | * <br><br> * |
| Defendants. | * |

_____

AMENDED COMPLAINT
_____

Plaintiffs Karl Swanson and Kathy Wietharn, by their attorneys, A. Steven Porter and Dwight L. Pringle,  for and as their Amended Complaint against the above-named defendants,  allege, state, aver and show the Court as follows. This amended complaint has been filed to correct omissions inadvertently created in the original complaint by the Adobe Acrobat program that converted it to a pdf file.

**JURISDICTION AND VENUE**

1.      This is an action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202,  for legal, equitable and declaratory relief and to secure protection and redress deprivation of rights secured by the Fourteenth Amendments to the Constitution of the United States.  This Court is vested with jurisdiction over plaintiffs' claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

1

2. The Court is vested with venue over plaintiffs' claims pursuant to 28 U.S.C. § 1391(b).

3. All defendants reside or maintain their principal place of business in the Western District of Wisconsin, and the unlawful actions alleged in this Complaint occurred in Barron County, Western District of Wisconsin.

**PARTIES**

4. Plaintiff Karl Swanson is an adult individual who resides at 6823 Garland Street, Arvada, Colorado 80004. At all times pertinent and material to this Complaint, plaintiff owned real property at 424 Lakeview Drive in the City of Chetek, Barron County, in the Western District of Wisconsin 54728.

5. Plaintiff Kathy Wietharn is an adult individual who resides at 6823 Garland Street, Arvada, Colorado 80004.

6. Defendant City of Chetek, Wisconsin, (hereinafter, "City of Chetek"), is a municipal corporation and political subdivision of the State of Wisconsin, duly constituted under the laws of the State of Wisconsin, with principal offices located at 220 Stout Street, Chetek, Barron County, Wisconsin 54728.

7. Defendant Jerry Whitworth is an adult individual who, on information and belief, resides in the Western District of Wisconsin at 418 Lakeview Drive, Chetek, Barron County, Wisconsin 54728. At all times pertinent and material to this Complaint, defendant Whitworth was the duly elected Mayor of the City of Chetek. Defendant Whitworth is named in this Complaint in his individual capacity and his official capacity.

8. At all times pertinent and material to this Complaint, defendant Whitworth acted within the scope of his office and employment as the Mayor of Chetek and under color of the statutes, ordinances, customs, policies and usages of the State of Wisconsin.

9. In committing the unlawful acts alleged in this Complaint, defendant Whitworth acted on behalf of the City of Chetek as a policymaker for the City of Chetek.

10. The unlawful actions of defendant Whitworth and Joseph Atwood as alleged in this Complaint were taken according to the policies and customs of the City of Chetek, and, were in fact, officially ratified and adopted by vote of the common council of the City of Chetek.

**ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTIONS**

11. On June 30, 2006, plaintiff Karl Swanson purchased a lakefront vacation home at 424 Lakeview Drive in the City of Chetek, Wisconsin [hereinafter, "Swanson's property"].

12. Swanson's property is located next door to the residence of defendant Jerry Whitworth who was Mayor of Chetek at the time.

13. From August 22 through September 20, 2006, plaintiff Wietharn vacationed at Swanson's property.

14. On August 25, 2006, workmen began work renovating the deck and crawl-space on Swanson's property.

15. On September 3, 2006, defendant Whitworth hosted a party at his residence. Guests at Whitworth's party spilled over onto Swanson's property and guests arriving and departing Whitworth's party used Swanson's boat dock on Swanson's property without permission from Swanson or Wietharn.

16. Whitworth's fire ring was partially on Swanson's property.

3

17. On September 4, 2006, Wietharn observed defendant Whitworth taking wood from a dumpster on Swanson's property without permission.

18. On October 30, 2006, defendant Whitworth pulled his boat dock out of the lake and stored it for the winter on Swanson's property without permission.

19. In November and December, 2006, defendant Whitworth, without a valid reason, justification or excuse, ordered the City of Chetek Building Inspector William J. Koepp to rescind Swanson's building permit for the renovations being performed. Whitworth then entered the house on Swanson's property without permission and told the contractor performing the renovations and his workers to stop work because Swanson did not have a valid building permit. Whitworth entered Swanson's home on Swanson's property more than once without permission and interfered with work being performed by contractors on the property.

20. In or around December 27, 2006, to January 3, 2007, the new City of Chetek Building Inspector Joseph Atwood inspected the house on Swanson's property and declared that Swanson's building permit was valid.

21. On May 21, 2007, Building Inspector Joseph Atwood came to Swanson's property at Mr. Swanson's request to inspect an area near the boundary of his property and Mr. Whitworth's property and another area on the front boundary of Swanson's property where Mr. Swanson intended to erect a fence. Mr. Atwood told Mr. Swanson he would need a permit to build the fence and the fence would have to be placed three (3) feet from the property line on the side. Mr. Atwood also stated that a fence in front of Mr. Swanson's property would have to be five (5) feet from the road. Mr. Atwood pulled out a tape measure, determined the required distances and pointed out to Ms. Wietharn where the fences could lawfully be erected.

22. On May 21, 2007, while Mr. Atwood was at Swanson's property, Mr. Swanson spoke to Mr. Atwood on the phone from Colorado. Ms. Wietharn pointed out that the language of the city ordinance stated that a boundary fence was defined as a fence "within" three (3) feet of the boundary, not at a distance of three (3) feet or more from the boundary.  At some point defendant Whitworth came up and yelled into Mr. Atwood's cell phone in an angry and threatening manner, shouting that Mr. Swanson had better have his dental insurance paid up before he came back to Wisconsin. Mr. Swanson understood Mr. Whitworth to be a threatening to hit him in the mouth when Mr. Swanson returned to Wisconsin.

23. On May 21, 2007, Ms. Wietharn went to the office of Building Inspector Atwood and requested forms to apply for a permit to construct a fence on Swanson's property. While Ms. Wietharn was meeting with Mr. Atwood, defendant Whitworth burst into the meeting in an angry and agitated state and ordered Mr. Atwood not to issue a permit to build a fence on the Swanson property. After that, Mr. Atwood did not provide Ms. Wietharn with the forms needed to apply for a permit to build a fence.

24. On May 25, 2007, Ms. Wietharn returned to Mr. Atwood's office and requested building permit application forms. Again, Mr. Atwood refused to provide the necessary forms to Ms. Wietharn.

25. On May 25, 2007, Ms. Wietharn informed Mr. Atwood that defendant Whitworth's fire ring and firewood pile were partially on the Swanson property. Mr. Atwood took no action with regard to that information.

26. On May 25, 2007, Ms. Wietharn moved defendant Whitworth's fire ring off of the Swanson property to make room for a fence.

27.     On May 31 and June 1, 2007, contractors built a fence consisting of two (2) segments at right angles to each other on Mr. Swanson's property. The front fence was placed according to the instructions Mr. Atwood gave to Mr. Swanson and Ms. Wietharn on May 21. One portion of the fence was built within three (3) feet from the boundary of Mr. Swanson's property with defendant Whitworth's property, and, the other portion of the fence was built in the front of Swanson's property, five (5) feet from the edge of the road.

28.     While the contractor was building the fence, defendant Whitworth harangued the builders, calling Swanson and Wietharn "drug dealers," and, telling the contractor that he hoped the contractor had been paid up front because Mr. Swanson didn't pay his debts.

29.     On or about June 4 or 5, 2007, Mr. Atwood came to the house, shook Ms. Wietharn's hand and said that fence looked good or words to that effect.  Mr. Swanson and Ms. Wietharn interpreted this to mean that Mr. Atwood did not take issue with the construction of the fence or its placement.

30.     On June 6, 2007, Ms. Weitharn left the state and returned to Swanson's property June 26, 2007, intending to stay until July 6.

31.     On June 27, 2007, Chetek Building Inspector Atwood, at the instigation of defendant Whitworth, issued three (3) Wisconsin Uniform Municipal Court Citation and Complaints, Nos. 851854, 851855 and 851856, to plaintiff Karl Swanson alleging "fence violation of 5 ft. to street line," "failure to obtain a permit" for construction of a fence and "boundary fence violation of 3 foot property line ord." in violation of §§ 13-1-132(c)(2), 15-1-2(a)(1) and 13-1-132(b)(1) of the Chetek City Ordinances, respectively. Mr. Atwood handed the complaints to Ms. Wietharn because Mr. Swanson was out of the state.

32. On June 29, 2007, laborers came to Mr. Swanson's property with trees and equipment for planting them. Defendant Whitworth drove off in his truck and came back with Mr. Atwood.  At defendant Whitworth's direction, Mr. Atwood served a written stop order restraining Mr. Swanson from "all further construction work" on the premises.

33. Mr. Atwood's action brought Ms. Wietharn to tears.

34. Mr. Atwood then told Ms. Wietharn that she could tear up his stop-work order and plant the trees as long as they were located at least seven (7) feet from the property line. Mr. Atwood warned Ms. Wietharn that he would summon the police and have Ms. Wietharn and the three tree farm employees arrested if they violated his order.

35. Under duress, Ms. Wietharn agreed to Mr. Atwood's conditions so that Mr. Swanson would not have to pay for the trees and not have them planted.

36. Defendant Whitworth then became angry and yelled at Mr. Atwood, "Are you going to let them continue?"

37. Mr. Atwood's stop-work order was without legal basis as applied and because no city ordinance specifying where trees could be placed on one's property existed.

38. On September 11, 2007, the Chetek Common Council, at the instigation of defendant Whitworth and in order to nullify Ms. Wietharn's objections to Mr. Atwood's interpretation of the fence set-back provisions in the City ordinances, amended the pertinent ordinances to change the definition of a boundary fence from one that is "within" three (3) feet of a side property line to one that is a full three (3) feet from the property line.

39. On April 15, 2008, the City of Chetek common council ratified the unlawful actions of defendant Whitworth in causing Mr. Atwood to issue the citations for alleged ordinance

violations against Mr. Swanson on June 27, 2007, by voting to continue to prosecute the complaints.

40. On April 18, 2008, the City of Chetek amended its complaint against Mr. Swanson stemming from the three (3) citations issued on June 27, 2007, to allege only two (2) violations of the City of Chetek Ordinances pertaining only to Mr. Swanson's construction of the fence in his front yard. Count I alleged that Mr. Swanson had constructed a front-yard fence in violation the five-foot set-back requirement of City of Chetek Ordinance No. 13-1-132(c)(2); and Count II alleged that Mr. Swanson's front-yard fence was located in the City of Chetek's right-of-way in violation of City of Chetek Ordinance No. 13-1-132(c). The allegations in the original citations pertaining to the side-yard fence and the alleged failure to obtain a construction permit were not included.

41. On May 27, 2008, the Amended Complaint against Mr. Swanson came on for trial in the City of Chetek Municipal Court. The complaints were dismissed on Mr. Swanson's motion at the close of the City of Chetek's case for lack of evidence.

42. The citations against Mr. Swanson were frivolous and lacked probable cause.

43. Mr. Swanson hired legal counsel and incurred legal fees and costs to defend against defendants' frivolous prosecution of him.

44. During the year prior to the time Mr. Swanson built the fence which became the subject of defendants' prosecution of him, Mr. Swanson's neighbor on the side opposite from defendant Whitworth erected a boundary fence that a survey revealed was on Swanson's property, in violation of the City of Chetek's ordinances. In May, 2001, Mr. Swanson pointed out to Mr. Atwood that the neighbor's new fence encroached upon Swanson's property. Neither defendants

nor Mr. Atwood ever took any action to cite the neighbor or to direct the neighbor to move the offending fence.

45. Defendant Whitworth's unlawful actions as alleged in this Complaint were taken in willful, wanton, reckless and malicious disregard of plaintiff's Constitutional rights.

## PLAINTIFF'S CAUSE OF ACTION AGAINST BOTH DEFENDANTS PURSUANTTO 42 U.S.C. § 1983 FOR VIOLATING PLAINTIFF'S RIGHT TO THE EQUAL PROTECTION OF LAWS

46. Plaintiff realleges and incorporates as if fully set forth herein the allegations contained in paragraphs one (1) through forty-one (41), above.

47. The actions of defendants City of Chetek and Jerold Whitworth in singling plaintiffs out as a class unto themselves among other residential property owners in the City of Chetek for zoning and building code enforcement, stop-work orders and other unlawful acts as alleged in this Complaint were vindictive and taken with a malicious animus and without any rational basis or legitimate governmental purpose, and, therefore, constitute a deprivation of plaintiff's rights to equal protection of law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and, thus, defendants are liable to plaintiff under 42 U.S.C. § 1983.

48. Defendants acted according to the policies and customs of the City of Chetek

49. As a direct, foreseeable and proximate result of defendants' unlawful actions which deprived plaintiffs of their rights as complained of in this Complaint, plaintiffs suffered injury and damages in the form of legal fees and costs incurred in defending against defendants' unlawful prosecution of him, expenses for contractors whose work defendants unlawfully interfered with,

damage to plaintiffs' reputation in the community, and emotional distress. These damages and injuries continue into the present and will continue into the foreseeable future.

  50. Defendant Whitworth's unlawful actions undertaken in his individual capacity as alleged in this Complaint were taken in willful, wanton, reckless and malicious disregard of plaintiffs' Constitutional rights.

## PRAYER FOR RELIEF

  **WHEREFORE** plaintiffs Karl Swanson and Kathy Wietharn respectfully pray this Court enter Judgement against defendants on each of plaintiff's causes of action and award plaintiff the following relief:

  A. Declare and adjudge pursuant to 28 U.S.C. § 2201, that by way of the adverse building and zoning code enforcement and other actions complained of herein, defendants deprived plaintiffs of their rights to equal protection of laws as guaranteed by the Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

  B. Order defendants, jointly and severally, to pay to plaintiffs an amount sufficient to compensate them for their attorneys fees and costs incurred in defending against the unlawful building and zoning enforcement actions defendants took against them in violation of plaintiff's rights guaranteed to him by the United States Constitution.

  C. Order defendants, jointly and severally, to pay to plaintiffs an amount sufficient to compensate them for their past and future emotional distress and loss of reputation in the community.

D. Order defendant Whitworth to pay to plaintiffs an amount sufficient to punish him and to deter him and others similarly situated from the willful, wanton, reckless and malicious disregard of the rights of plaintiffs and others as guaranteed by the United States Constitution.

E. Order defendants to pay plaintiffs' costs, disbursements and attorney's fees reasonably incurred in this action.

F. Order such other and further relief as the Court deems just and reasonable under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF SIX QUALIFIED PERSONS.**

Dated at Madison, Wisconsin, this 20th day of February, 2009.

                                  _____/s/ A. Steven Porter_____
                                  A. Steven Porter
                                  State Bar No. 01000195
                                  And Dwight L. Pringle
                                  Attorney for Plaintiffs
                                  Karl Swanson and Kathy Wietharn

7818 Big Sky Drive, Suite 112
Madison, Wisconsin 53719
(608) 662-2285
(608) 662-9977 fax
asp@mailbag.com

3515 S. Tamarac Drive
Suite 200
Denver, Colorado 80237
(303) 757-5000
(303) 689-9627 fax
dlpringle@msn.com