IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

KARL SWANSON and                          *
KATHY WIETHARN,

                    Plaintiffs,           *

-vs-                                      *   Case No.  09 CV 0097

CITY OF CHETEK, a municipal corporation; and   *
JERRY WHITWORTH, in his individual and
official capacities,                      *

                    Defendants.           *
_____

## DECLARATION OF A. STEVEN PORTER
_____


        A. Steven Porter, pursuant to 28 U.S.C. § 1746, declares as follows:

        1.      I am the lead attorney of record for plaintiffs Karl Swanson and Kathy Wietharn in

the above-captioned matter.  My offices are located at 7818 Big Sky Drive, Suite 112,  Madison,

Wisconsin  53719.

        2.      Plaintiffs have moved the Court for an order compelling defendants to produce the

following documents:

                1.      Notes taken by City Building Inspector Joseph Atwood referred to
        and requested in his deposition of July 8, 2009, page 129.
                2.      File kept by Joseph Atwood on "The Swansons" as referred to and
        requested in his deposition, page 129.
                3.      Minutes of any closed session of the common council or other
        meeting in which the issuance of a citation or citations to Karl Swanson was "debated" by
        decision makers for the City of Chetek, as referred to in Exhibit 4 marked in the July 8,
        2009, Atwood deposition. (See, Atwood depo.,  pp. 124 and 129.)
                4.      Signed agreements between property owners stipulating to setbacks
        for boundary fences that are less than prescribed by ordinance as interpreted by Building

Inspector Atwood, and, as were requested in Atwood's July 8, 2009, deposition at pages 75, 102, 103 and 106.

       5.     Minutes of a common council meeting referred to by Joseph Atwood in his July 8, 2009, deposition at pages 98 and 99, in which the common council denied Mr. Atwood the authority to exercise his discretion to issue permits for fences closer than three (3) feet from a residential property boundary line.

       6.     Minutes of closed sessions referred to in the Minutes of The Chetek Common Council, dated April 15, 2008, and produced by defendants by mail on October 7, 2009.

     3.     Plaintiffs have made numerous requests of defendants to produce the documents which plaintiffs seek the Court to compel defendants to produce in this motion, but defendants have not produced the documents requested.

     4.     On May 22, 2009, plaintiffs served Plaintiffs' First Request for Production of Documents and Things by email, fax and regular mail.

     5.     At Section I. B. of their production request, plaintiffs requested, in pertinent part:

"That defendants produce for inspection and copying by plaintiffs and/or their attorney or designated agents each of the following:

"B.    All documents, files, meeting minutes, common council resolutions, letters, notes, reports, communications, surveys, memos, telephone messages, voice messages, fax covers, audio and video recordings, computer files, emails, complaints and other writings, recordings and documents in defendants' possession or control whether in paper or digital or electronic form and pertaining in any way to:

"1.    Any complaint received and any investigation or action initiated against Karl Swanson, Kathy Wietharn or concerning their real property located at 424 Lakeview Drive, Chetek, Wisconsin, including, but not limited to, complaints, Wisconsin Uniform Municipal Court Citations and Complaints, alleged Chetek Municipal Code violations and stop-work orders."

     6.     At Section I. C. of their production request, plaintiffs requested, in pertinent part:

C.    All memos, letters, minutes, communications, notes, documents, e-mail messages, telephone messages, fax covers, audio or video

2

recordings, computer files, complaints and other writings, recordings and documents in defendants' possession or control, whether in paper or digital or electronic form, authored by, sent to or pertaining to:

1.     Karl Swanson;

2.     Kathy Wietharn;

3.     The real property at 424 Lakeview Drive, Chetek, Wisconsin.

7.     Defendants responded to plaintiffs' document request by mail on July 2, 2009, but did not include any of the documents which plaintiffs request the Court to compel them to produce.

8.     On July 8, 2009, plaintiffs took the deposition of City of Chetek Building Inspector Joseph Atwood upon notice pursuant to Rule 30(b)(6), F.R.C.P., to depose a corporate representative of the City.

9.     During his deposition Mr. Atwood testified that he may have participated or been aware of board meetings, common council meetings and meetings between certain City of Chetek officials during the time that the City was considering and pursuing building code enforcement actions against plaintiffs. He also testified that he kept some notes of certain conversations pertinent to such enforcement.

10.     For example, the day before Mr. Atwood issued the first municipal citation against Mr. Swanson, he delivered a notice and order dated June 27, 2007, to Karl Swanson, stating, in part:

> "Karl, after much debate The City of Chetek has concluded that you are in violation of ordinance 13-1-132 with your fence. At this time you are receiving a 50.00 dollar citation for not getting a fence permit. You are also being ordered to move your front fence back 5 feet from the street line witch [sic] is required by code…."

3

(Atwood depo. 7/8/09, p. 122-123; Depo. Ex. 4.)  Mr. Atwood's letter clearly indicates that policymakers on behalf of the City of Chetek debated the decision to issue the citations to Mr. Swanson for alleged building-code violations, including lack of a fence permit and a set-back violation. The letter also indicates that policymakers had deliberated and decided to order that Mr. Swanson move his front fence to comport with the purported setback in the ordinances. Atwood testified that he did not recall who had participated in the deliberations or whether Mayor Whitworth was involved. (Id. at 122-126, 129.) Atwood was clear that "The City of Chetek" itself concluded that Mr. Swanson was in violation of the city ordinances regarding certain matters, but, he could not say who had participated in those deliberations. (Id.)

11.     A true and correct copy of deposition Exhibit 4 is attached hereto and incorporated herein by reference.

12.     At page 129 of his deposition on July 8, 2009, Mr. Atwood testified that he kept notes of the debate between the decision makers for the City referred to in Exhibit 4. Mr. Atwood also testified at page 129 that he kept "a whole file on the Swansons." Defendants have not produced Mr. Atwood's notes or his file on "the Swansons."  In fact, defendants have not even produced the June 27, 2007, letter notice from Mr. Atwood to Mr. Swanson which was marked as Exhibit 4 in his deposition.

13.     As the lawyer for plaintiffs who took the deposition, I requested of counsel for defendants, Attorney Thomas Misfeldt, on the record that defendants produce minutes and notes taken at such meetings. I also asked for certain other documents related to enforcement of fence ordinances against other landowners in Chetek. I asked the court reporter to make a notation at the front of the deposition of all thirteen (13) such requests for documents that I made during the deposition to serve as a reference to and a reminder of my requests.

14.     All of the requests I made during Mr. Atwood's deposition were within the scope of the requests made by plaintiffs in Plaintiffs' First Request for Production of Documents and Things, dated May 22, 2009.

15.     Plaintiffs again requested the documents they seek the Court to compel production of here in their second motion for extension of time to respond to defendants' motion for summary judgement, dated September 28, 2009. But, though defendants produced various documents in response to that motion, they did not produce the specific documents requested here.

16.     I specifically requested the documents again in a letter I faxed and mailed to defendants' counsel dated October 6, 2009. A true and correct copy of my letter is attached hereto as Exhibit A and incorporated herein by reference.

17.     On October 7, 2009, defendants mailed additional documents to me, but, those documents did not contain the most pertinent documents, including notes and files pertaining to decisions concerning plaintiffs that the building inspector for the City testified he had created, among other documents. Defendants' response did not address whether the notes and files still existed or respond in any specific way to plaintiff's request for the specific documents, notes and files. In a cover letter, dated October 7, 2009, counsel for defendants stated:

> "I have reminded [the building inspector] there were other documents you requested during the deposition. I will get those documents to you when I receive them. As nearly as I can tell, none of those documents would have a direct bearing on your response to our Motion for Summary Judgement."

A true and correct copy of defendants' counsel's letter to me of October 7, 2009, is attached hereto and incorporated herein by reference.

18.     I received defendants' response of October 7, 2009, in my regular mail on Friday, October 9, 2009. On Saturday, October 10, 2009, I faxed and mailed a letter to counsel for defendants itemizing the specific requests that defendant still had not responded to.  A true and correct copy of my October 10, 2009, letter is attached hereto and incorporated herein by reference.

19.     On Monday, October 12, 2009, I spoke by telephone with counsel for defendants, Attorney Thomas Misfeldt, and again described specifically the documents plaintiffs were seeking. Mr. Misfeldt told me that he would seek additional information from the City of Chetek about the documents plaintiffs requested and get back to me as soon as he could.

20.     Attorney Misfeldt emailed a letter to me counsel today, October 13, 2009, stating that some documents plaintiffs were seeking did not exist, and, also stating that the City Clerk "was not able to reach" the building inspector on Monday, October 12, 2009, to determine if he had the notes and files plaintiff had specifically requested.

21.      Attached hereto and incorporated herein by reference as is a true and correct copy of Plaintiffs' First Request for Production of Documents and Things, dated May 22, 2009.

22.     The documents plaintiffs request that the Court compel defendants to produce are essential to plaintiffs' ability to adequately respond to issues raised by defendants in their motion for summary judgement. The documents are relevant to the issue of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny; and, the documents are relevant to the question raised by defendants of  whether defendant Whitworth acted under color of state law when he deprived plaintiffs of their constitutional rights and other issues.

23.     I make this affidavit in support of plaintiffs' motion to compel defendants to produce documents.

Dated this 13th day of October, 2009,


_____/s/ A. Steven Porter_____
A. Steven Porter,  Declarant