## A. Steven Porter
*Attorney and Counselor at Law*

---

**7818 Big Sky Drive, Suite 112, Madison, Wisconsin 53719**  **(608) 662-2285**
asp@mailbag.com                                                                                Fax (608) 662-9977

October 10, 2009

Attorney Thomas J. Misfeldt
Weld, Riley, Prenn & Ricci, S.C.
3624 Oakwood Hills Pkwy.
P.O. Box 1030
Eau Claire, WI 54702-1030

          Re: Karl Swanson, et al. v. City of Chetek, et al.
             Western District Court Case No. 09 CV 0097

Dear Tom:

  Thank you for the documents you sent on October 7. I received them today.

  There are still some items that plaintiffs requested that are not accounted for. I'm writing to request that defendants respond to plaintiffs' requests for those documents.

<u>Common Council Minutes:</u>

  1. The minutes of the April 15, 2008, common council meeting indicate that the council went into closed session to confer with legal counsel regarding pending or threatened litigation. Plaintiffs request that defendants please produce the minutes of the closed session. If defendants are claiming the minutes are privileged, then a privilege log must be produced.

  The City of Chetek amended its complaint against Mr. Swanson in the ordinance case in April, 2008. If the common council voted to approve the amended complaint with the addition of the new charge in the closed session on April 15, 2008, or at any other time, plaintiffs are requesting that defendants produce the minutes relating to that decision. Minutes pertaining to such a decision should not qualify as privileged.

  2. Kathy Wietharn testified that she appeared and spoke at the last common council meeting presided over by Jerry Whitworth as mayor. Plaintiffs request that defendants produce the minutes of the last common council meeting at which Mayor Whitworth presided.

  3. In August, 2007, the City of Chetek entered into a stipulation with Mr. Swanson to reopen the default judgement in the ordinance case against him and to issue three new citations against him. Plaintiffs request that defendants produce any minutes or other documents that would memorialize any action by the common council or any city official authorizing those

Attorney Thomas J. Misfeldt
October 10, 2009
Page Two

Agreements and actions on behalf of the city.

4.  As mentioned in my letter to you of October 6, 2009, in Mr. Atwood's June 27, 2007, letter-notice to Mr. Swanson, which was marked as Exhibit 4 in Mr. Atwood's deposition, Mr. Atwood refers to the City of Chetek having "debate[d]" and "concluded" that Mr. Swanson's fence was built in violation of a city ordinance. At page 123 of Mr. Atwood's deposition, I requested that defendants produce any minutes pertaining to the "debate" referred to in Exhibit 4. I renewed that request in my October 6 letter to you. Plaintiffs request that defendants specifically respond to their request for any minutes or other documents memorializing the debate and conclusion of the City of Chetek as referred to in Mr. Atwood's June 27, 2007, letter to Mr. Swanson.

### Joe Atwood's Notes and Files:

In your cover letter accompanying the documents you sent to me on October 7, 2009, you state that you "have reminded Mr. Atwood there were other documents [I] requested during the deposition," and, that you will get those documents to me when you receive them from Mr. Atwood. You further stated, "[a]s nearly as I can tell, none of those documents would have a direct bearing on your response to our Motion for Summary Judgement." However, as I pointed out in my letter to you of October 6, 2009:

> "At page 129 of Mr. Atwood's deposition, he testified that he took notes of the "debate" referred to in Exhibit 4. He also testified that he had a 'whole file' on 'the Swansons.'"

Those documents would have a very direct bearing on plaintiffs' response to defendants' motion for summary judgement, particularly regarding the *Monell* issue, but probably also with regard to the "state action" issue pertaining to Mayor Whitworth, and the other issues as well. For example, presumably, Exhibit 4, which defendants have yet to produce to plaintiffs, would be among the documents in Mr. Atwood's file on "the Swansons."

I don't want to have to ask the Court for more time while we wait for Mr. Atwood to produce these documents. Therefore, I am requesting that you fax Mr. Atwood's notes on the "debate" and his file on "the Swansons" to me no later than Monday, October 12, 2009.

### Other Requested Documents:

Attorney Thomas J. Misfeldt
October 10, 2009
Page Three

During Mr. Atwood's deposition, I also requested copies of written agreements between specific homeowners which, according to Mr. Atwood's testimony, allowed for placement of boundary fences closer to the lot lines than the ordinance as interpreted by Mr. Atwood and the City would allow. Defendants have not responded to those requests. Therefore, unless I receive a response to defendants to the contrary, I will ask the Court to conclude that no such agreements exist.

I am requesting that you fax me defendants response and any documents that are responsive to these requests no later than Monday, October 12, 2009, so that I do not have to seek more time from the Court.

Please let me know if you would like to discuss these requests.

Yours very truly,

A. Steven Porter

ASP/mm

xc: Attorney Dwight Pringle
    Mr. Karl Swanson
    Ms. Kathy Wietharn

# A. STEVEN PORTER
## Attorney and Counselor at Law

7818 Big Sky Drive, Suite 112
Madison, Wisconsin 53719
asp@mailbag.com

## Fax Transmission

☒ Hard copy will be mailed

☐ Please respond by return fax

☒ Please call if transmission is incomplete

**Date:** 10/10/09    **Re:** Swanson, et al. v. City of Chetek, et al., Case No. 09 CV 97

**To:** Attorney Thomas J. Misfeldt
**Fax number:** (715) 839-8609

**From:** **Atty. A. Steven Porter**
**Our phone:** (608) 662-2285
**Our fax:** (608) 662-9977

**Number of pages, including cover page: 4**

**THIS IS A CONFIDENTIAL AND LEGALLY PRIVILEGED COMMUNICATION.**
If you have received this transmission in error, please destroy it without reading it and notify sender.

**Message:**

```
                                                                    P  1
                    TX Report
                                                           10/10/2009 17:10
                                                       Serial No.  42GE03922
                                                       TC:         498777
```

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 917158398609PPP99801 | 10-10 17:09 | 00:01:20 | 004/004 | OK | |

Note  TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
      MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
      BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
      BUL: Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
       TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
       Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
       LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
       DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

---

## A. STEVEN PORTER
### Attorney and Counselor at Law

7818 Big Sky Drive, Suite 112
Madison, Wisconsin 53719
asp@mailbag.com

## Fax Transmission

☒ Hard copy will be mailed
☐ Please respond by return fax
☒ Please call if transmission is incomplete

| | | |
|---|---|---|
| **Date:** 10/10/09 | **Re:** | Swanson, et al. v. City of Chetek, et al., Case No. 09 CV 97 |
| **To:** Fax number: | Attorney Thomas J. Misfeldt (715) 839-8609 | |
| **From:** Our phone: Our fax: | Atty. A. Steven Porter (608) 662-2285 (608) 662-9977 | |

**Number of pages, including cover page: 4**

**THIS IS A CONFIDENTIAL AND LEGALLY PRIVILEGED COMMUNICATION.**
If you have received this transmission in error, please destroy it without reading it and notify sender.

Message: